Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Elyssa Martinez (State Bar No. 355589)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main/(619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Adrian Quiambao*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ADRIAN QUIAMBAO, on behalf of others similarly situated,

Plaintiffs,

vs.

THE CENTURUM COMPANIES; CENTURUM ENTERPRISE SERVICES, INC.; CENTURUM INFORMATION TECHNOLOGY; CENTURUM, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:25-cv-02022-CAB-KSC

**CLASS ACTION**

**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. §§ 201 *et seq*.)
2. Failure to Pay for All Hours Worked (FLSA, 29 U.S.C. §§ 201 *et seq*.)
3. Failure to Pay All Wages Owed
4. Failure to Pay All Overtime Wages
5. Meal Period Violations
6. Rest Period Violations
7. Paid Sick Leave Violations
8. Untimely Payment of Wages
9. Wage Statement Violations
10. Waiting Time Penalties
11. Failure to Reimburse Business Expenses
12. Unfair Competition
13. Unlawful Wage Deductions

Plaintiff ADRIAN QUIAMBAO, on behalf of all other similarly situated employees ("Plaintiff") brings this FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants THE CENTURUM COMPANIES and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. Plaintiff brings the instant class action on behalf of himself and similarly situated current and former employees of Defendants for a series of systemic violations of the California Labor Code and IWC Wage Orders.

2. Plaintiff brings this action on behalf of himself and similarly situated current and former employees who performed work for Defendants partially on and partially off a federal enclave.

3. Defendants failed to account for all hours worked and otherwise provide all overtime wages and sick time owed.

4. Defendants failed to account for all missed, late, short, and interrupted meal and rest periods and otherwise pay all owed premiums.

5. Defendants failed to reimburse all expenses accrued in direct consequence of Plaintiff and class members' job duties.

6. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to Plaintiff and class members.

7. Plaintiff seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees, and costs.

## JURISDICTION & VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district.

## PARTIES

### A. Plaintiff Adrian Quiambao

10. Plaintiff Quiambao is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about November 2021 to March 2025.

11. A written consent form for Plaintiff is attached hereto as **Exhibit 1**.

### B. Defendants

12. Defendant The Centurum Companies is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

13. Defendant Centurum Enterprise Services, Inc. is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

14. Defendant Centurum Information Technology is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

15. Defendant Centurum, Inc. is a corporation that maintains operations and conducts business throughout the State of California, including in this county.

16. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their true names and capacities once ascertained.

17. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

18. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

19. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## CLASS ALLEGATIONS

20. This action is brought individually and on behalf of the following class ("Class Members") pursuant to Rule 23:

21. All current and former non-exempt employees, including employees misclassified as exempt, who worked for Defendants in California at any time from four years (plus the additional 178-day statutory tolling period under Emergency Rule 9) prior to the filing of this action through date of class certification. Plaintiff reserves the right to establish various subclass definitions as appropriate at the class certification stage, according to proof.

22. The class is ascertainable and shares a well-defined community of interest in this litigation:

a. <u>Numerosity</u>: The class is estimated to exceed 50 individuals, although the precise membership of the entire class is unknown at

this time. The class is so numerous that joinder of all class members is impracticable. The identities of class members are ascertainable by inspection of Defendants' employment and payroll records.

b. Typicality: Plaintiff's claims are typical of the claims of the other class members. They were subject to the same policies and practices of Defendants, which resulted in losses to the class. Proof of common unlawful business practices, which Plaintiff experienced, will establish the right of the class to recover on the causes of action alleged herein.

c. Adequacy: Plaintiff is an adequate class representative; will take all necessary steps to protect the class members' interests adequately and fairly; has no interest antagonistic to other class members; and is represented by attorneys who have substantial experience prosecuting, defending, resolving, and litigating wage and hour class, collective, and representative actions in California state and federal courts.

d. Superiority: A class action is superior to other means for adjudicating this dispute. Individual joinder is impractical. Class treatment will allow for common issues to be resolved in a single forum, simultaneously, and without duplication of effort and expense.

e. Public Policy Considerations: Certification of this lawsuit as a class action advances the State of California's strong public interest in ensuring its approximately millions of employed residents are properly paid the wages they earned for the hours they worked. Class actions provide a mechanism for enforcement of labor laws and allow for vindication of employee rights by unnamed class members.

23. Common questions of law and fact as to the class members predominate over questions affecting only individual members. The common questions of law and fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violations of California law.

## GENERAL ALLEGATIONS

24. Plaintiff was originally hired as a Warehouse Associate, a non-exempt position. Shortly thereafter, Plaintiff was promoted to Warehouse Assistant Manager and later worked as a Logistician II, both positions were non-exempt. At some point, Plaintiff was improperly classified as salaried employee, allegedly exempt from overtime pay and the legally required meal and rest breaks. However, Plaintiff did not meet the criteria for the administrative/professional exemption and remained a non-exempt employee.

25. Defendants misclassified Plaintiff and other similarly situated employees as exempt when they did not meet the requirements of the applicable California Wage Order and Labor Code section 515(a). Specifically, Plaintiff and the class members did not meet the salary and job duty test to qualify for administrative, executive, or professional exemptions.

26. First, to qualify for an exemption, employees in California as of 2025 must make a minimum annual salary of $68,640.00. Here, Plaintiff's hourly rate was $32.91 per hour, which corresponds to an annual salary of approximately $68,452.80. Thus, Defendants failed to meet this requirement.

27. Second, Plaintiff and the class members did not satisfy the job duty test. Plaintiff's and other similarly situated employees' job duties did not involve performing office or non-manual work directly related to the management or general business operations of Defendants or their customers. Plaintiff's primary duties were production-level, clerical, or routine operational tasks carried out pursuant to rigid procedures. He was not involved in formulating policies, engaging in strategic planning, or exercising discretion on matters of significance. Plaintiff worked as a Logistician but did not

regularly exercise discretion and independent judgment in performing his duties during the majority of his working time. Defendants nonetheless designated him as administratively exempt to avoid paying overtime and other wage premiums required by law.

28. Additionally, Plaintiff and the class members did not qualify for professional exemption. Their positions did not require advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. Plaintiff and the class members did not hold advanced academic degrees related to their job duties, nor were they engaged in work requiring regular exercise of discretion and judgment characteristic of learned or artistic professions. Defendants' classification of these positions as "professional" was therefore improper and unlawful.

29. Plaintiff was responsible for providing logistics support for Navy systems, including supply support, inventory control, maintenance planning, and provisioning data development to ensure system readiness and lifecycle sustainment. Plaintiff did not regularly exercise discretion or independent judgment.

30. Furthermore, Plaintiff did not participate in any managerial or supervisory duties which further demonstrates that Plaintiff lacked essential managerial and supervisory responsibilities that are essential roles of employees who would meet the administrative or executive exemption.

31. Plaintiff and other similarly situated employees did not determine what work was to be done by other employees or in what time frame. Furthermore, he also did not have a distinct role in training other employees or determining what training they were to receive. Lastly, Plaintiff and other similarly situated employees did not have the authority to hire, fire, or promote employees, determine their pay rates or benefits, or give raises as they were unable to make employment-related personnel decisions. Consequently, Plaintiff and other similarly situated employees did not have the authority to decide whether or not an employee should be disciplined for an

infraction. Disciplinary decisions were made by the human resources department or dictated by company policies. As a result, Plaintiff and other similarly situated employees were engaged in a type of work that required no exercise of independent judgment or discretion as to any matter of significance.

32. As a result, Plaintiff and the class members were non-exempt workers whom Defendants misclassified as exempt.

33. The misclassification practices described above were not isolated incidents but rather were applied uniformly to all employees holding the relevant job titles across Defendants' locations. The questions of law and fact common to the Class—including whether Defendants maintained a policy of classifying non-exempt employees as exempt without regard to actual job duties—predominate over any individual issues. Class treatment is therefore appropriate to ensure the efficient adjudication of Plaintiff's claims and to provide relief for all affected employees.

34. Defendants failed to pay Plaintiff and the class members at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages.

35. First, Defendants maintained an unreliable timekeeping policy, which failed to track all hours worked, instead forcing Plaintiff and the class members to report their time retroactively.

36. Specifically, Defendants required Plaintiff and the class members to report the amount of time spent on projects retroactively rather than clock in or out, resulting in under-reporting of hours and unpaid wages.

37. Additionally, Defendants maintained an unlawful policy requiring off-the-clock work.

38. First, Defendants often required Plaintiff and the class members to assist other workers while off-the-clock.

39. For example, Defendants often required Plaintiff to pick up deliveries while off-the-clock to alleviate work for other class members. Specifically, deliveries were often dropped at the main office, while Plaintiff worked in the warehouse. When

this happened, Defendants required Plaintiff to drive to the main office to pick up work deliveries after clocking out from his shift.

40. Additionally, Plaintiff often made these delivery runs prior to clocking in for his shift. Plaintiff is informed and believes other employees suffered similar violations.

41. Second, Defendants required Plaintiff and the class members to work off-the-clock to keep up with the demands of the job.

42. For example, Plaintiff was not scheduled to work every other Friday. However, Plaintiff was one of few with the clearance and access to particular parts of the warehouse and work website spaces. When special deliveries requiring this expertise were made on his days off, Plaintiff was forced to attend to the specialized tasks because of his clearance level off-the-clock.

43. Defendants failed to pay Plaintiff and the class members overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

44. As discussed in the above section, Defendants maintained an unreliable timekeeping system that often resulted in under-reported time.

45. Additionally, Defendants often required Plaintiff and the class members to complete additional work off-the-clock.

46. Each time these policies and practices often resulted in more than 8 hours worked in a day or more than 40 hours worked in a week, this resulted in unpaid overtime.

47. As a result, Defendants failed to pay Plaintiff and the class members for all overtime hours worked.

48. Defendants failed to comply with California's paid sick leave laws with respect to the class members.

49. As a result of Defendants' unreliable time-keeping policies, Plaintiff and the class members often experienced under-reported hours.

50. As a result, Plaintiff and the class members did not accrue paid sick leave for this unreported time. Therefore, Defendants failed to account for all hours worked for purposes of calculating paid sick leave earned.

51. Plaintiff and the class members often experienced missed, late, short, and interrupted meal periods to keep up with the demands of the job.

52. Specifically, Plaintiff's duties included overseeing supply chain management which required Plaintiff to be attentive to urgent supply-chain requests and needs.

53. As a result, Defendants often required Plaintiff and the class members to attend to urgent deliveries during their meal periods.

54. In addition to missed, short, and interrupted meal periods, this often resulted in late meal periods.

55. Further, as discussed in above sections, Defendants did not maintain reliable means of timekeeping.

56. Instead, the records show that Defendants did not clock in or out times. As a result, Defendants failed to track any meal periods, taken or not.

57. Therefore, Plaintiff and the class members did not record their meal periods. Defendants consistently failed to account for missed, late, short, and interrupted meal periods. Defendants failed to pay all meal period premiums owed to Plaintiff and the class members.

58. Plaintiff and the class members often experienced missed, short, interrupted rest periods. Specifically, Plaintiff's duties included overseeing supply chain management which required Plaintiff to be attentive to urgent supply-chain requests and needs. As a result, Defendants often required Plaintiff and the class members to attend to urgent deliveries during their rest periods.

59. Each time Plaintiff and the class members experienced a non-compliant rest period, Defendants owed a rest period premium.

60. However, as a matter of policy and practice, Defendants failed to pay all rest period premiums owed.

61. Defendants required Plaintiff and the class members to incur costs for work-related purposes without full reimbursement.

62. In direct consequence of their job duties, Plaintiff and the class members unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice.

63. Specifically, Defendants occasionally required Plaintiff to make deliveries on his way home from work.

64. On these occasions, Defendants required Plaintiff to use his personal vehicle for these deliveries.

65. However, Defendants failed to reimburse Plaintiff for any costs and mileage incurred. Instead, Defendants expected Plaintiff and other class members to incur these expenses, such as mileage, on his own.

66. Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection, and recording of "gross wages earned" on those wage statements.

67. Defendants violated Labor Code section 226(a)(2) by failing to accurately list employees' "total hours worked," as the wage statements did not accurately include the uncompensated time plaintiff and other class members worked due to Defendants' unreliable timekeeping policies and off-the-clock work.

68. Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages

and premiums owed to employees. The amounts stated are instead depreciated and underpaid, resulting in an inaccurate reflection on the pay stub.

69. Because of the policies and practices set forth in this notice, including the failure to accurately account for wages earned or hours worked, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

## **FLSA COLLECTIVE ACTION**

70. Plaintiff brings the First and Second Cause of Action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. §§ 201 *et seq.* to recover unpaid overtime wages, unpaid hours worked, liquidated damages, and other damages related to Defendants' violation of the FLSA.

71. Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

> All current and former non-exempt hourly employees, including employees misclassified as exempt, of Defendants who worked in the United States of America at any time during the three years preceding the filing of this action through the present date (hereinafter, the "FLSA Collective" and the "FLSA Period").

72. Plaintiff is a member of the FLSA Collective he seeks to represent because he worked in the United States of America within the past three years for Defendants and he was underpaid minimum and overtime wages.

73. Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

a. Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

b. Plaintiff and the FLSA Collective were subject to Defendants' policies, practices, and directives with respect to regular and overtime pay.

c. Plaintiff and the FLSA Collective were paid regular and overtime wages.

d. Regardless of their job title or location, Defendants did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

74. Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from Defendants' personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

75. The First Cause of Action is properly brought and maintained as an opt-in collective action. 29 U.S.C. 216(b). The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

76. The Second Cause of Action is properly brought and maintained as an opt-in collective action. 29 U.S.C. 216(b). The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## <u>FIRST CAUSE OF ACTION</u>

## FAILURE TO PAY ALL OVERTIME WAGES

## FLSA - 29 U.S.C. §§ 201 *et seq.*

## (Plaintiff and the FLSA Collective Against Defendants)

77. Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

78. Defendants have been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

79. Defendants have employed, and continues to employ, the FLSA Collective as “employee[s]” within the meaning of the FLSA.

80. Defendants knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

81. Defendants employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

82. Defendants failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay for hours in excess of forty (40) per week during the FLSA Period.

83. Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants’ unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the off-the-clock work).

84. Defendants’ violations of the FLSA, as described in this Complaint, have been willful and intentional.

85. Defendants failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

86. Because Defendants’ violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys’ fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY FOR ALL HOURS WORKED**

**FLSA - 29 U.S.C. §§ 201 *et seq.***

**(Plaintiff and the FLSA Collective Against Defendants)**

88. Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

89. At all relevant times, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and Defendants have employed, and continue to employ, the Covered Employees as "employee[s]" within the meaning of the FLSA.

90. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and the FLSA Collective all wages under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C § 206(a).

91. Defendants failed to pay Plaintiff and the FLSA Collective for all hours worked as a result of its policies of requiring off-the-clock work.

92. This practice resulted in Plaintiff and the FLSA collective being deprived of their regular wages.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES OWED**

**Violation of Labor Code §§ 200, 218, 1194, 1194.2 and 1197**

**(All Claims Alleged by Plaintiff and Class Members Against All Defendants)**

93. All outside paragraphs of this Complaint are incorporated into this section.

94. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 200, 218, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), which require non-exempt employees be timely paid at least the state or local minimum wage (if higher) for each hour of work, and further provide a private right of action for an employer's failure to pay all minimum wages (plus liquidated

damages). In addition to minimum wages, Labor Code § 200 states that "'wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

95. Defendants willfully failed in their affirmative obligation to pay Plaintiff and class members at least the lawful minimum wage for each hour worked in violation of Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" and "Minimum Wages" sections of the applicable orders), including payment at the lawful local and county minimum wage ordinances in effect. As a result, Defendants are liable for all associated damages, including liquidated damages for the minimum wage violations pursuant to Labor Code § 1194.2.

96. Defendants' unlawful acts and omissions deprived Plaintiff and class members of minimum, regular and overtime wages in amounts to be determined at trial. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid (and interest thereon), in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code sections 1194 and 1194.2, 218.6 and any other applicable statutes.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

### Violation of Labor Code §§ 510 and 1194

97. All outside paragraphs of this Complaint are incorporated into this section.

98. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

99. Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective “regular rate of pay” for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective “regular rate of pay” for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code sections 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the “Hours and Days of Work” sections of the applicable orders).

100. Plaintiff and class members are entitled to recover the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys’ fees, and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## Violation of Labor Code §§ 226.7 and 512

101. All outside paragraphs of this Complaint are incorporated into this section.

102. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer’s failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

103. Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and class members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of hour of work in violation of Labor Code sections 226.7, 512, 558, 1198 and the IWC Wage Orders (the “Meal Periods” sections of the applicable orders).

104. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code sections 226.7, 512, 558, and 1198 and the IWC Wage Orders (the “Meal Periods” sections of the applicable orders).

105. Plaintiff and class members are entitled to recover the full amount of the meal period premiums owed, in addition to interest, statutory and civil penalties, and attorneys’ fees, and costs to the extent permitted by law.

## SIXTH CAUSE OF ACTION

## REST PERIOD VIOLATIONS

### Violation of Labor Code §§ 226.7 and 516

106. All outside paragraphs of this Complaint are incorporated into this section.

107. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer’s failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

108. Defendants willfully failed in their affirmative obligation to consistently authorize and permit Plaintiff and class members to receive compliant, duty-free rest periods of not less than ten (10) minutes for every four hours worked (or major fraction thereof) in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders (the “Rest Periods” sections of the applicable orders).

109. Further, Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code sections 226.7, 516, 558, and 1198 and the IWC Wage Orders.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY ALL PAID SICK LEAVE WAGES**

**Violation of Labor Code §§ 200, 218, 246 *et seq.***

110. All outside paragraphs of this Complaint are incorporated into this section.

111. Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and a paid sick leave subclass in violation of Labor Code section 246 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

112. Labor Code section 246(l), in conjunction with Labor Code section 248 *et seq.*, 248.1, 248.2, and 248.6, in addition to the applicable County sick pay ordinances in locales worked by class members, govern how Defendants were required to calculate paid sick leave.

113. Defendants failed to comply with California's paid sick leave laws. Due to Defendants' unreliable and inaccurate timekeeping policies and practices, Plaintiff and other similarly situated employees routinely had their hours underreported. As a result, Plaintiff and the similarly situated employees did not accrue paid sick leave for all hours worked. Accordingly, Defendants failed to properly account for all hours worked when calculating paid sick leave accruals.

114. As a result, Defendants violated the Labor Code and are liable to Plaintiff and class members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

**EIGHTH CAUSE OF ACTION**

**UNTIMELY PAYMENT OF WAGES**

**Violation of Labor Code §§ 204, 210, 218**

115. All outside paragraphs of this Complaint are incorporated into this section.

116. This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation. Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

117. Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick leave and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for weekly employees, if any, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

118. Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## NINTH CAUSE OF ACTION

## WAGE STATEMENT VIOLATIONS

## Violation of Labor Code § 226

119. All outside paragraphs of this Complaint are incorporated into this section.

120. This cause of action is brought by a wage statement subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

121. Defendants knowingly and intentionally failed in their affirmative obligation to provide accurate itemized wage statements to Plaintiff and class members resulting in injury to Plaintiff and class members. Specifically, the wage statements issued to Plaintiff and class members did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

122. Defendants' unlawful acts and omissions deprived Plaintiff and class members of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

123. As a result, Plaintiff and class members are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 226(e).

## <u>TENTH CAUSE OF ACTION</u>

## WAITING TIME PENALTIES

## Violation of Labor Code §§ 201 *et seq*.

124. All outside paragraphs of this Complaint are incorporated into this section.

125. This cause of action is brought by a waiting time subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

126. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and class members immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

127. Plaintiff and class members are entitled to recover a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**Violation of Labor Code § 2802**

128. All outside paragraphs of this Complaint are incorporated into this section.

129. Defendants willfully failed in their affirmative obligation to reimburse Plaintiff and a reimbursement subclass for all necessary expenditures, losses, expenses, and costs incurred by them in direct discharge of the duties of their employment, in violation of Labor Code section 2802.

130. Defendants' unlawful acts and omissions deprived Plaintiff and class members of lawful reimbursements for business expenses in amounts to be determined at trial. Plaintiff and class members are entitled to recover the amount of unreimbursed expenses of Plaintiff and class members in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 2802.

**TWELFTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**Violation of Business and Professions Code §§ 17200 *et seq.***

131. All outside paragraphs of this Complaint are incorporated into this section.

132. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

133. Defendants' dependence on these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive other class members of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who

have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful and unfair business acts and practices in violation of Business and Professions Code Section 17200 *et seq*.

134. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

135. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four-year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

136. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq*. Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## PRAYER

Plaintiff prays for judgment as follows:

a. For certification of this action as an FLSA collective action;

b. For the appointment of Plaintiff as the representative of the collective;

c. For appointment of above-captioned counsel for Plaintiff as Collective Counsel;

d. For certification of this action as a class action;

e. For appointment of Plaintiff as the class representative;

f. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

g. For division of class members into appropriate classes and/or subclasses according to proof;

h. For recovery of all statutory penalties and liquidated damages;

i. For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

j. For restitution and injunctive relief;

k. For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5, and as provided under the FLSA

l. For recovery of damages in amount according to proof;

m. For all recoverable pre- and post-judgment interest;

n. For such other relief the Court deems just and proper.

Dated: January 22, 2026

***Ferraro Vega Employment Lawyers, Inc.***

Lauren Vega
*Attorneys for Plaintiff Adrian Quiambao*